# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **STARNET INSURANCE COMPANY** | **CIVIL ACTION NO. 08-1644** |
| **VERSUS** | **JUDGE DOHERTY** |
| **FUELTRAC, INC.** | **MAGISTRATE JUDGE METHVIN** |

### *REPORT AND RECOMMENDATION ON MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE*
(Rec. Doc. 5)

Before the court is defendant's motion to dismiss for improper venue pursuant to Rule 12(b)(3), or to transfer venue to the Middle District of Louisiana pursuant to 28 U.S.C. §1406(a). The motion is opposed.

### *Background and Argument of Parties*

Starnet Insurance Company filed the instant declaratory judgment action in this court pursuant to 28 U.S.C. § 2201, seeking a declaration that its policy of insurance issued to Fueltrac does not afford coverage for claims brought against Fueltrac pursuant to 47 U.S.C. §227(b)(1)(C), the Telephone Consumer Protection Act (TCPA). Starnet asserts that subject matter jurisdiction is based on diversity of citizenship, and venue is proper in this judicial district because events giving rise to the controversy occurred here.

In its motion, Fueltrac argues that venue is improper in this district under 28 U.S.C. §1391, as Fueltrac resides in East Baton Rouge Parish, Louisiana, in the Middle District of Louisiana, and a substantial part of the events giving rise to the claim occurred there – not in the Western District of Louisiana.

In opposition, Starnet argues that the underlying TCPA suit against Fueltrac was brought in state court in St. Mary Parish, which is in the Western District of Louisiana. Starnet argues that

venue is proper in the Western District because the plaintiff who sued Fueltrac, Triple "C" Marine Salvage, resides in St. Mary Parish, and has alleged that it received unsolicited facsimiles from Fueltrac on four different dates in 2008.[1]  Triple "C" seeks to represent a class defined as follows:

> All recipients of telefacsimile advertisements which were transmitted and/or initiated by or on behalf of FUELTRAC, INC. between the dates of January 31, 2004 through the present, and excluding all recipients who gave their prior express permission or invitation to receive them or those who had an established business relationship with FUELTRAC, INC.[2]

The fax was received by asserted class representative Triple "C" in the Western District, Starnet argues, thus the Western District is where a substantial part of the events giving rise to the claim occurred, and venue here is proper.

*Applicable Law and Discussion*

Title 28 U.S.C. § 1391(a) reads as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only on (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject of personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

As recently stated by this court in <u>Clarendon Nat. Ins. Co. v. T.M.I. Enterprises, LLC</u> 2008 WL 3838025 (W.D.La. 2008):

> Once a defendant challenges venue by motion, the burden is on the plaintiff to show that the chosen venue is a proper one. <u>McCaskey v. Continental Airlines, Inc</u>., 133 F.Supp.2d 514, 523 (S.D.Tex.2001). If no evidentiary hearing is held, the court will

---

[1] See Exhibit A to Memorandum in Opposition to Motion to Dismiss for Improper Venue, "Class Action Petition for Damages, Statutory Penalties, and Injunctive Relief," (Rec. Doc. 8-3), p. 9.

[2] *Ibid.*, p. 2.

accept as true undisputed facts in the plaintiff's pleadings, resolve any conflicts in the evidence plaintiff's favor, and afford the plaintiff the benefit of the doubt when determining the governing facts. <u>University Rehabilitation Hospital, Inc. v. International Cooperative Consultants, Inc</u>., 2006 WL 1098905 (W.D.La.2006).

The burden is on Starnet to show that this court is one of proper venue. Fueltrac's principal place of business and only office is located in Baton Rouge, and its director, Troy Sullivan, resides in Baton Rouge.[3] Thus, the defendant's place of residence is in Baton Rouge, Louisiana, in the Middle District. Therefore, in order for venue to be proper in the Western District, Starnet must show that a substantial part of the events giving rise to the claim occurred in the Western District. Starnet cannot meet its burden.

The present suit is one for declaratory action on a policy of insurance coverage, and not one under the TCPA. The insurance policy at issue between Starnet and Fueltrac was negotiated and delivered in Baton Rouge, Louisiana, and the premiums were paid from Baton Rouge. Moreover, the Starnet policy was issued to Fueltrac for coverage effective October 27, 2005, through October 27, 2006, and not in 2008, when Triple "C" alleges Fueltrac sent the unwanted facsimiles to Triple "C." The declaratory judgment action involves the period 2005 to 2006, and does not even involve the four faxes allegedly sent by Fueltrac to Triple "C" Marine in St. Mary Parish in the Western District of Louisiana, in 2008. Thus, Starnet has made no showing that any facsimile was sent by Fueltrac into St. Mary Parish, or the Western District of Louisiana, during the period subject to the declaratory action.

---

[3]See Affidavit of Troy Sullivan, attached to Memorandum in Support of Motion to Dismiss (rec. doc. 5-4).

Starnet has not met its burden that venue in the Western District of Louisiana is proper, as no substantial part of the events giving rise to the present litigation – a action for declaratory judgment on an insurance policy – occurred here.[4]

Venue is proper, instead, in the Middle District of Louisiana, where defendant resides and where a substantial part of the events giving rise to the present litigation occurred. Under 28 U.S.C. 1406(a), when a case is filed in the wrong district, the court may dismiss, or if it be in the interests of justice, transfer the case to a district where it could have been brought. This matter was filed here on October 31, 2008, and it is in the interests of economy and judicial efficiency that it be transferred to the Middle District of Louisiana for further proceedings, instead of dismissed.

*Recommendation*

**IT IS THE RECOMMENDATION** of the court that the defendant's Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue (rec. doc. 5) be **GRANTED IN PART AND DENIED IN PART** as follows:

1) This matter be transferred to the United States District Court for the Middle District of Louisiana;

2) That all other requested relief be **DENIED**.

Signed at Lafayette, Louisiana, on April 11, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[4]See Clarendon Nat. Ins. Co. V. T.M.I. Enterprises, LLC, 2008 WL 3838025 (W.D.La.2008).